THE STATE, on the Relation, &c., *v.* MICHAELS and Others.

It is a general rule that where a sole defendant dies after judgment and before execution, an execution issued without a revivor of the judgment by *scire facias* is void.

This rule is applicable to the action of ejectment.

The associate judges of one county have no authority in vacation to restrain, by injunction, the execution of a writ of *habere facias possessionem* directed to the sheriff of another county.

If a judgment of the Circuit Court be right, though placed on wrong ground, it will be affirmed.

APPEAL from the *Tippecanoe* Circuit Court.

PERKINS, J.—Debt on an official bond against *John B. Michaels*, sheriff of *Tippecanoe* county, and others, his sureties. The suit is by the state on the relation of the state bank. The breach of the bond complained of, is the refusal of the sheriff to execute a writ of *habere facias possessionem* issued upon a judgment in ejectment, in favour of the relator, in the *Parke* Circuit Court. The defendants pleaded three pleas.

The first is as follows: The defendants say "that said *John B. Michaels*, sheriff as aforesaid, was not bound by the laws of the land to serve the writ named in said declaration, because they say that said ejectment suit was originally commenced in the *Tippecanoe* Circuit Court; that a change of venue was awarded on the application of the defendant in that suit to the *Parke* Circuit Court, in which Court, on the trial of the cause, final judgment was rendered and execution awarded in favour of the plaintiff; that after execution, being the writ of *habere facias* mentioned, was issued on said judgment, and placed in the hands of said *Michaels*, sheriff of *Tippecanoe* county as aforesaid, and before any refusal on his part to execute the same, an injunction was obtained by the defendant in ejectment, from the judges of the *Parke* Circuit Court, restraining the said *Mi-*

*chaels*, sheriff as aforesaid, from executing said writ of possession."

The second and third pleas allege in substance that after final judgment in said ejectment suit, and before said writ of *habere facias possessionem* was issued, *Hugh Sherry*, the defendant to the ejectment, died intestate, leaving a widow and heirs at law him surviving, and in possession of the premises for which the ejectment was brought, and that no revivor of said judgment, by *scire facias* or otherwise, had been obtained against the heirs and terre-tenants.

To these latter two pleas the plaintiff demurred, and the Court sustained the demurrer.

To the first plea there was a replication, setting out the bill filed in the office of the clerk of the *Parke* Circuit Court upon which the injunction issued—the injunction—and averring that said injunction was a nullity, the same having been issued by the associate judges of *Parke* county in vacation, and that the sheriff had notice, &c., before his refusal to execute the writ of *habere facias possessionem*.

To this replication there was a demurrer, which was sustained, and final judgment rendered for the defendants.

The question raised by the demurrer to the second and third pleas is, whether, if a sole defendant to an action of ejectment die after judgment but before execution, it is necessary to revive the judgment against the heirs and terre-tenants before execution issue for the possession of the land recovered? That it is the general rule of law, laid down as applicable to all actions in use in this state, that a revivor of judgment must take place where a sole defendant dies after judgment and before execution, either against the personal representative or the heirs and terre-tenants, as the case may require, and that an execution tested subsequently to such decease without such revivor is void, are propositions not to be denied. *Jeffreson* v. *Morton*, 2 Saund. 6, n. 1.—*Erwin's lessee* v. *Dundas*, 4 Howard, U. S. 58. In this latter case the subject is elaborately discussed. We have seen no authority excepting the action of ejectment from the above rule, even where the execution is for the possession simply, without the collection of costs, while in *Proctor* v. *Johnson*, Ld. Raym. 669, it is expressly declared by lord *Holt* that the rule is ap-

plicable to this action as well as others; and in *Withers* v. *Harris*, Ld. Raym. 806, though a doubt was suggested while the case was under consideration, still it was held in that case that where a year and a day had elapsed after judgment before execution in ejectment, a *scire facias* was necessary. We confess we see no reason why this action should form an exception to the general rule, and are not disposed to depart from what is regarded as, at all events, the safer practice. Adams on Eject. 347, and authorities cited.

The Court erred in sustaining the demurrer to the second and third pleas.

The demurrer to the replication to the first plea presents the question whether the associate judges of *Parke* county had authority to grant the injunction set out in the replication? We are of opinion they had not. Associate judges are county officers, and their power to grant injunctions is expressly limited by statute to such as operate alone within their proper counties. R. S. 1843, p. 852, s. 128. But it is said the 4th sect. of ch. 49 of the same statutes, on the subject of change of venue, confers upon the associate judges the power under consideration. We think not. That section empowers " the Court" to which the change is taken to make all necessary orders, &c., in the case transferred *to* them, but gives no power to the associate judges to act in relation to it in vacation.

The Court erred in sustaining the demurrer to the replication to the first plea.

The judgment; however, in this case will be affirmed. The final decision of the Court below in favour of the defendants was right, though placed upon wrong ground. The plaintiff cannot maintain this action because the execution was void, not because the injunction was good.

*Per Curiam.*—The judgment is affirmed with costs.

*R. A. Lockwood*, for the appellant.

*D. Mace* and *S. A. Huff*, for the appellees.